**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-61229-DAMIAN/STRAUSS**

**ENRIQUE RIVERON**
**BATISTA** et al.**,**

      Plaintiffs,

v.

**DEPARTMENT OF**
**HOMELAND SECURITY** et al.**,**

      Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

**THIS MATTER** comes before the undersigned upon Plaintiffs' Motion for Default Judgment Against Defendants Pursuant to Federal Rule of Civil Procedure 55(b)(2) [DE 9] (the "Motion"). District Judge Melissa Damian has referred this case to me "for resolution of all discovery disputes and non-dispositive motions and for a report and recommendation on dispositive motions." [DE 7] at 1. I have reviewed the Motion and the pertinent portions of the record. For the reasons stated below, I respectfully recommend that the Motion be **DENIED WITHOUT PREJUDICE**.

On April 27, 2026, Plaintiffs sued two federal departments or agencies and three government officials in their official capacity. [DE 1] ¶¶ 15-19. Plaintiffs allege in the Complaint that Defendants have unreasonably delayed the adjudication of Plaintiffs' immigration petitions and thus seek an order requiring Defendants to promptly adjudicate the petitions. *Id.* at 1-2. The Clerk later issued Plaintiffs' proposed summonses. *See generally* [DE 5]. On May 13, 2026, Plaintiffs filed a notice indicating that service had been perfected upon Defendants. [DE 6] at 1. After Defendants supposedly failed to respond to the Complaint within 60 days, Plaintiff filed the

Motion on July 14, 2026. [DE 9] at 1-2. In the Motion, Plaintiffs seek a default final judgment against Defendants. *Id.* at 17-18.

However, the Motion is premature because "a motion for default judgment cannot be filed prior to obtaining entry of clerk's default." *Gunn-Gerber v. USPS Off. of Inspector Gen.*, No. 26-CV-00271, 2026 WL 1910064, at *2 (M.D. Fla. July 2, 2026); *accord Dutta Horse Transp., Inc. v. Jenkins*, No. 24-CV-81492, 2025 WL 2617292, at *1 (S.D. Fla. Aug. 25, 2025) ("A default judgment cannot be entered without a proper default."), *report and recommendation adopted sub nom. Valley Nat'l Bank v. Dutta Horse Transp., Inc.*, 2025 WL 2613482 (S.D. Fla. Sept. 10, 2025); *Thompson v. Mosby Legal Grp., LLC*, No. 12-CV-692-J-99TJC, 2013 WL 2191511, at *1 (M.D. Fla. May 21, 2013) ("It is inappropriate to file a motion for default judgment prior to obtaining an entry of default from the Clerk."). Indeed, Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the entry of default, a party can apply to the Court for the entry of a default judgment. *See* Fed. R. Civ. P. 55(b); *see also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."). Plaintiffs' Motion even implicitly acknowledges that they must first obtain a clerk's entry of default before seeking default judgment. *See* [DE 9] at 6 (describing Rule 55's "two-step process for obtaining default judgment"). Yet nothing in the record indicates that the Clerk has entered default or that Plaintiffs have sought the Clerk's entry of default.

Moreover, "a Clerk's default cannot be entered against a party who was not properly served." *Dutta Horse*, 2025 WL 2617292, at *1 (citing *Houraney v. Schley*, No. 08-80837-CIV,

2

2009 WL 507032, at *1 (S.D. Fla. Feb. 27, 2009)). The defendants here are agencies or departments of the United States and U.S. government officials sued in their official capacities, so service of process must comply with Federal Rule of Civil Procedure 4(i)(2). *See* Fed. R. Civ. P. 4(i)(2) (outlining service requirements for United States agencies, corporations, and officers or employees sued in their official capacity).

Yet it does not appear that Plaintiffs have properly served Defendants. Rule 4(i)(2) states the following:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). To serve the United States, a party first needs to either (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or (2) "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). In *addition*, the serving party must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).

Despite acknowledging that Federal Rule of Civil Procedure 4(i) governs service in this case, [DE 9] at 6, Plaintiffs argue that they "effectuated service by certified mail with signature confirmation upon each named Defendant at their designated official addresses," *id.* at 8. According to Plaintiff, "the government received actual notice through multiple channels: service was completed on all five named Defendants at their official addresses, with signature confirmation at each location." *Id.* at 9. But this attempted method of service is inadequate because it does not appear that Plaintiffs have complied with Rule 4(i)(1)(A) or (B). Because Plaintiffs

have not presently established proper service, they are not entitled to a default judgment or even the Clerk's entry of default. In addition, Defendants' time to respond to the Complaint has not started to run. *See* Fed. R. Civ. P. 12(a)(2) ("The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service *on the United States attorney*." (emphasis added)).

Even so, Plaintiffs suggest that service here was proper because their attempt at service substantially complied with Rule 4(i). *See* [DE 9] at 8-9. For support, Plaintiffs point to one out-of-circuit case issued forty years ago for the following proposition: "Federal courts have recognized that substantial compliance with service requirements suffices when the government receives actual notice of the action." *See id.* at 9 (citing *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984)).

But *Borzeka* was not a case that dealt with a plaintiff seeking a default judgment against the United States without following Rule 4(i)'s requirements; it instead addressed the government itself seeking dismissal of a plaintiff's complaint because of a technical defect in service. *See* 739 F.2d at 446. In rejecting the government's argument that a failure to fully follow Rule 4 "always requires dismissal of the claims," the court explained that some of the "technical requirements" are "excusable under some circumstances," such as when it is "is sensible and necessary to prevent serious miscarriages of justice." *Id.* at 446-47. The plaintiff in that case was proceeding pro se and had complied with all service requirements "except the requirement that the summons and complaint be personally served on the United States Attorney in Las Vegas." *Id.* at 446. Yet the government conceded that the United States Attorney had received actual notice. *Id.* The Court thus established a limited exception via a four-part test, with one of the elements being that "the

4

defendant would suffer no prejudice from the defect in service." *Id.* at 447. The facts in *Borzeka* in no way mirror the circumstances of this case, especially because entering a premature default judgment premised on defective service would severely prejudice Defendants. *See id.*

Accordingly, I respectfully **RECOMMEND** that the Motion [DE 9] be **DENIED WITHOUT PREJUDICE**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 14th day of July 2026.

Jared M. Strauss
United States Magistrate Judge